SAMMY ROGER JOHNSON, JR., PLAINTIFF v. LISA McGHEE JOHNSON (MEEHAN),
DEFENDANT AND LISA McGHEE JOHNSON (MEEHAN), PLAINTIFF v. THOMAS C.
MEEHAN, DEFENDANT

No. 427A95

(Filed 4 April 1996)

**Evidence and Witnesses § 1920 (NCI4th); Illegitimate Children § 7 (NCI4th)— blood grouping test—alleged natural father—standing to compel**

The language of N.C.G.S. § 8-50.1 in effect when this action originated does not confer standing upon an alleged natural father to compel a presumed father to submit to a blood test to determine the paternity of a child born during the marriage of the presumed father and the mother.

**Am Jur 2d, Illegitimate Children § 27.**

**Admissibility and weight of blood-grouping tests in disputed paternity cases. 43 ALR4th 579.**

**Parental rights of man who is not biological or adoptive father of child but was husband or cohabitant of mother when child was conceived or born. 84 ALR4th 655.**

Appeal by plaintiff pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 120 N.C. App. 1, 461 S.E.2d 369 (1995), affirming an order entered by Lanier (Franklin F.), J., on 19 January 1994 in District Court, Johnston County. Heard in the Supreme Court 14 March 1996.

*Mast, Morris, Schulz & Mast, P.A., by George B. Mast, Bradley N. Schulz, and Christi C. Stem, for plaintiff-appellant Sammy Johnson.*

*Armstrong & Armstrong, P.A., by Marcia H. Armstrong; and Edward P. Hausle, P.A., by Edward P. Hausle, for defendant-appellee Thomas C. Meehan.*

PER CURIAM.

Judge Walker's dissenting opinion in the Court of Appeals correctly poses the "narrow" issue presented:

Does the language of N.C.[G.S.] § 8-50.1 in effect when this action originated confer standing upon an alleged natural parent such as

Mr. Meehan to compel a presumed father such as Mr. Johnson to submit to a blood test to determine the paternity of a child born during the marriage of the presumed father to the natural mother?

*Johnson v. Johnson*, 120 N.C. App. 1, 14, 461 S.E.2d 369, 376 (1995) (Walker, J., dissenting). We agree with the dissenting opinion that the question should be answered in the negative.

Accordingly, the decision of the Court of Appeals is reversed, and the case is remanded to that court for remand to the District Court, Johnston County, for further proceedings consistent with this opinion.

REVERSED AND REMANDED.